1998 OK CIV APP 11

1998 OK CIV APP 11

**Henry R. HARBUCK, Plaintiff/Appellant,**

**v.**

**STATE OF CALIFORNIA ex rel. STATE of Oklahoma, DEPARTMENT OF HUMAN SERVICES, ex rel. Carla HARBUCK, Defendants/Appellees.**

**No. 88326.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Dec. 16, 1997.

Certiorari Denied Feb. 3, 1998.

John P. Zelbst, Lawton, for Plaintiff/Appellant.

Jena J. Sams, Assistant District Attorney, Durant, for Defendants/Appellees.

JOPLIN, Judge:

¶1 Henry R. Harbuck (Father) seeks review of an order of the trial court affirming an order of an Administrative Law Judge for Appellee Oklahoma Department of Human Services directing Father to reimburse DHS for the sums expended by California for the support of Father's minor children pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA), 43 O.S. §§ 301 to 344.[1] In this appeal, Father challenges the jurisdiction of the Oklahoma court to entertain this action. Finding no jurisdictional infirmity, we affirm.

¶2 In 1974, Father and Mother divorced in California after a marriage producing three children. The California interlocutory judgment of divorce ordered in pertinent part that the "issue of child support of the said minor children, [S.C.H., S.P.H., and R.C.H.] shall be held open pending the termination of the disability of [Father] and his return to work." Thereafter, the California Court entered a final judgment dissolving the marriage and ordering as binding the terms of the earlier interlocutory judgment.

¶3 In 1981, pursuant to a request by California, Appellee petitioned for reimbursement under URESA, filing the action against Father in Atoka County, Oklahoma, Father's county of residence. Although it is uncontroverted that Father had been gainfully employed from 1981 through 1987 and that Father had never paid *any* child support, Father successfully resisted any and all proceedings designed to compel his attendance and/or support until 1996.[2] In that same year, the trial court entered judgment against Father affirming the order of the DHS Administrative Law Judge determining Oklahoma had jurisdiction to entertain an action for reimbursement of sums paid by California to support Father's children. Father appeals.

---

1. Although repealed by Laws 1994, c. 160, § 52, eff. Sept. 1, 1994, these sections remained in effect at all relevant times hereto.

2. This is the second of Father's request for appellate review by this Court.

¶4 A parent has the statutory and common law duty to support his or her minor children. 43 O.S. 1991 § 112, 113; 10 O.S. 1991 § 4. In this particular, we agree with Father's argument that generally a change of circumstance must necessarily be proven in order to modify the amount of child support to be paid in a divorce action. *See, e.g., Gibbons v. Gibbons*, 1968 OK 77, ¶12, 442 P.2d 482. In this case, however, the question presented is not whether the child support payments should be modified. Because 56 O.S. § 238.6 limits authority of DHS to set a parent's child support obligation only absent a court order therefor, the question here is rather, whether the Father's divorce decree required payment at all.

¶5 In this regard, we read the language of the California divorce decree as failing to order or set any child support whatsoever. That is to say, the decree in question does not order Father to pay child support unless and until Father's disability is terminated and Father is able to obtain employment. That Father in fact obtained employment post-decree is also uncontroverted. In the limited circumstances of this case, we hold that where no support for minor children is provided in the divorce decree, the non-custodial parent nevertheless has a continuing obligation to support his minor children and no change of circumstance need be shown to invoke Father's support obligation. *See also, e.g., Bingham v. Bingham*, 1981 OK CIV APP 26, 629 P.2d 1297. To hold otherwise would be to allow parents a means by which to circumvent their obligation to support their children. We therefore conclude that there was no order for child support as contemplated by 56 O.S. § 238.6.

¶6 We therefore hold the trial court correctly affirmed Appellee's determination that Father reimburse child support paid on behalf of his children. The order of the trial court is consequently AFFIRMED.

HANSEN, P.J., and BUETTNER, J., concur.